UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VICTOR ROSA,<br>    *Plaintiff*,<br><br>v.<br><br>ANGEL QUIROS, et al.,<br>    *Defendants*. | 3:25-CV-761 (OAW) |

## ORDER ON MOTION TO PROCEED IN FORMA PAUPERIS

On May 8, 2025, self-represented Plaintiff Victor Rosa filed a civil rights complaint against Department of Correction Commissioner Angel Quiros and other prison officials. ECF No. 1. Simultaneously, Plaintiff petitioned the court to proceed without pre-paying the filing fee pursuant to 28 U.S.C. § 1915. ECF No. 2. Thereafter, on June 26, 2025, Plaintiff filed another such motion, ECF No. 13, together with a Prisoner Trust Account Statement, ECF No. 14. Upon review, the court concludes that Plaintiff's motions to proceed *in forma pauperis* must be **DENIED.**

The Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915, which is the statute governing proceedings filed *in forma pauperis*. In relevant part, Section 804(d) of the PLRA amended 28 U.S.C. § 1915 by adding the following subsection, the so-called "three strikes" provision:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

In sum, the statute bars plaintiffs from proceeding *in forma pauperis* if they have a history of filing frivolous or malicious lawsuits. *See Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

There is an exception to the three-strikes provision for plaintiffs who allege imminent danger of serious physical harm. *Id.* at 298. For a plaintiff to qualify for the "imminent danger" exception and proceed without prepaying the filing fee, they must show that: (1) "the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to the unlawful conduct asserted in the complaint," and (2) that "a favorable judicial outcome would redress that injury." *Id.* at 298–99. In addition, the danger of imminent harm must be present at the time the complaint is filed. *Id.* at 296.

Here, the first question is whether the three-strikes rule applies to Mr. Rosa. Upon review of previous cases he initiated, the court finds that at least three were dismissed on grounds cited in 28 U.S.C. § 1915(g). On February 4, 2019, a judge in this district dismissed a case filed by Plaintiff for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). *See Rosa v. Alexander*, 3:18cv1694 (JCH) (Docket Nos. 24, 25). On August 14, 2020, a different judge in this district dismissed another case filed by Plaintiff for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). *See Rosa v. Moore*, 3:20cv1100 (MPS) (Docket No. 10). Finally, on June 7, 2024, a third judge in this district found that an action brought by Plaintiff must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). *See Rosa v. Maldenado*, 3:23cv1678 (KAD) (Docket No. 22). The three-strikes rule therefore applies to Mr. Rosa.

Because the three-strikes provision applies, Plaintiff may not bring the present

action without prepayment of the filing fee absent allegations of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the complaint, Plaintiff complains of "double-celling" at his facility and that the facility provides "less than 63 square feet" of space per inmate. *See* ECF No. 1 at 2. However, despite apparent generalized claims of psychological anguish and damage, Plaintiff does not allege any facts suggesting he was in any danger, let alone imminent danger of serious physical harm, due to the circumstances of his housing. In sum, no allegations suggest that Plaintiff faced any imminent danger of serious physical injury at the time he filed this action. *See id.* at 2–3. The imminent danger exception therefore does not apply.

Plaintiff's motions to proceed *in forma pauperis*, ECF Nos. 2 and 13, are **DENIED.** If Plaintiff seeks to proceed with this case, he must submit the filing fee within the allotted time. Accordingly, all further proceedings in the matter shall be held in abeyance for **thirty (30) days** pending Plaintiff's delivery of the filing fee in the amount of $405.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604. Failure to tender the filing fee within thirty days of this order will result in dismissal of this action.

**IT IS SO ORDERED** in Hartford, Connecticut, this 26th day of August, 2025.

>                          */s/*
> OMAR A. WILLIAMS
> UNITED STATES DISTRICT JUDGE